J-S78026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAUN EDWARD KIMMEL | |
| Appellant | No. 359 WDA 2016 |

Appeal from the PCRA Order February 3, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001950-2012

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: **FILED NOVEMBER 23, 2016**

Shaun Edward Kimmel[1] appeals *pro se*[2] from the order entered February 3, 2016, in the Court of Common Pleas of Westmoreland County, that denied his first petition for collateral relief, filed pursuant to Pennsylvania's Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Kimmel was sentenced to serve a term of three to six years' incarceration, after he was convicted by a jury of three counts of delivery of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Kimmel's first name also appears in the record as "Shawn."

[2] The PCRA Court granted appointed counsel's request for leave to withdraw after counsel filed a no-merit letter. *See **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

a controlled substance, three counts of possession of a controlled substance with intent to deliver, and three counts of possession of a controlled substance.[3] Kimmel contends (1) appellate counsel was ineffective during the direct appeal stage in failing to preserve or argue to this Court the issues identified in the Pa.R.A.P. 1925(a) statement, *i.e.*, the insufficiency of the evidence and the admission of hearsay testimony, and (2) appellate counsel was ineffective in failing to preserve and argue in this Court the issue of whether the trial court erred in permitting the Commonwealth to introduce hearsay evidence at trial. **See** Kimmel's Brief at 5. Based upon the following, we affirm on the basis of the PCRA court's sound opinion.

Briefly, we note the charges against Kimmel arose from his delivery of heroin to a confidential informant (CI) on three separate occasions. Each delivery involved a controlled purchase by the CI from Kimmel and each purchase was observed and monitored by police.

Following sentencing, Kimmel filed a direct appeal, and this Court affirmed the judgment of sentence on February 12, 2014. **Commonwealth v. Kimmel**, 97 A.3d 802 [651 WDA 2013] (Pa. Super. 2014) (unpublished memorandum) (finding sole claim challenging the weight of the evidence waived for failure to present to trial court and include in the Rule 1925(b) statement).

_____

[3] **See** 35 P.S. § 780-113(a)(30) and (a)(16).

- 2 -

On August 25, 2014, Kimmel filed a *pro se* PCRA petition. Counsel was appointed and filed an amended PCRA petition on September 14, 2015. An evidentiary hearing was held on October 20, 2015. Subsequently, on November 15, 2015, appointed counsel filed a no-merit letter and requested leave to withdraw. On January 13, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss. On February 3, 2016, the PCRA court dismissed the petition, and granted appointed counsel's request to withdraw. This timely appeal followed.[4]

The principles that guide our review are well settled:

> Under the applicable standard of review, we determine whether the ruling of the PCRA court is supported by the  record and is free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> ****
>
> With respect to Appellant's claims of ineffective assistance of appellate counsel, we begin with the presumption that counsel is effective. To prevail on an ineffectiveness claim, Appellant must satisfy, by a preponderance of the evidence, the performance and prejudice standard set forth in **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This

---

[4] We note Kimmel filed a *pro se* notice of appeal that is time-stamped March 4, 2016. We also note Kimmel's notice of appeal and brief in support of appeal were mailed from prison in an envelope post-marked March 1, 2016. According to the prisoner mailbox rule, an appeal will "be deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).

- 3 -

Court has divided the performance component of **Strickland** into two subparts dealing with arguable merit and reasonable strategy. … **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975-77 (Pa. 1987). With regard to "reasonable basis" in the appellate context, "[i]t is well settled that appellate counsel is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes pose a greater likelihood of success." **To establish Strickland/Pierce prejudice in the appellate representation context, the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance.**

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied "'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."

**Commonwealth v. Blakeney**, 108 A.3d 739, 749-50 (Pa. 2014) (some citations omitted) (emphasis added).

In his first issue, Kimmel contends counsel was ineffective on direct appeal because she failed to argue either of the issues raised in the Pa.R.A.P. 1925(b) statement — namely, the circumstantial evidence presented by the Commonwealth was insufficient to support Kimmel's convictions, and the trial court erred in permitting the trial court to introduce hearsay evidence at trial — and argued a weight claim that this Court found to be waived. Kimmel posits that appellate counsel's failures completely foreclosed appellate review. In this regard, Kimmel contends that appellate

counsel's ineffectiveness was equivalent to the failure to file a brief, and as such, he is entitled to a presumption of prejudice. In his second issue, Kimmel argues that appellate counsel was ineffective in failing to preserve and argue that the trial court erred in admitting out-of-court statements of identification by the CI in violation of the hearsay rule, Pa.R.E. 803.1(2). *See* Kimmel's Brief at 9.

The PCRA judge, the Honorable Rita Donovan Hathaway, has authored an opinion that cogently rejects, *inter alia*, the two arguments raised in this appeal. *See* PCRA Court Pa.R.A.P. 1925(a) Opinion, 6/6/2016, attaching Order of Court and Notice of Intent to Dismiss, 1/13/2016, at 1–10, and 12 (finding: (1) counsel's failure to pursue on appeal every claim requested by a defendant is not *per se* ineffectiveness, and Kimmel must satisfy the *Pierce* ineffectiveness test; trial court had determined in its Rule 1925(a) opinion that there was a plethora of evidence to support Kimmel's conviction and same facts support the notion that the jury verdict was not against the weight of the evidence; Kimmel's weight of the evidence claim fails under all three prongs of the ineffectiveness test, and (2) Kimmel's hearsay challenge to Sergeant Fiscarella's testimony with respect to the August 14, 2011 controlled buy, regarding the CI's identification of Kimmel by looking at a J-NET photograph, fails under the prejudice prong; although admission of such evidence was error because CI was not present at trial and did not testify, *see* Pa.R.E. 803.1(2), the error was harmless, given the testimony of police

about identifications made shortly after the controlled buys and credible in-court identifications of Kimmel). Our review confirms that further discussion by this Court is not warranted here. Accordingly, we affirm the denial of PCRA relief on the basis of the PCRA court's able opinion.[5]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

---

[5] In the event of further proceedings, we direct the parties to attach a copy of the PCRA Court's Pa.R.A.P. 1925(a) Opinion, 6/6/2016, attaching Order of Court and Notice of Intent to Dismiss, 1/13/2016, to this memorandum.

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA – CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | |
| | ) | |
| VS. | ) | |
| | ) | No.    1950 C 2012 |
| SHAUN EDWARD KIMMEL | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF THE COURT
## ISSUED PURSUANT TO PA.R.A.P. RULE 1925

AND NOW, this _6_ day of June, 2016, it appearing to this Court that the Defendant filed a Notice of Appeal from this Court's denial of Defendant's Petition for Post-Conviction Relief dated February 3, 2016, the reasons for said decision appear in this Court's Opinion dated dated January 13, 2016. A copy of that Opinion is attached hereto for reference.

BY THE COURT:

_____, J.
Rita Donovan Hathaway, Judge

ATTEST:

_____

c.c.    File
        John Petrush, Esq., Assistant District Attorney
        Shaun Edward Kimmel, Defendant
                D.O.C. #KY7015, Unit/Side: J/B,
                SCI Albion, 10745 Route 18, Albion, PA 16475-0002
        Pamela Neiderheiser, Esq., Court Administrator's Office

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA – CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   )
                                  )    N o.   1950 C 2012
-vs.-                          )
                                  )
SHAUN EDWARD KIMMEL,        )
             Defendant.   )

## ORDER OF COURT AND
## NOTICE OF INTENT TO DISMISS

AND NOW, this _13_ day of January, 2016, upon consideration of the Defendant's

*pro-se* Petition for Post-Conviction Relief filed pursuant to the Post-Conviction Relief Act,

(42 Pa.C.S. §9541, *et. seq.*), and upon consideration of the No Merit Letter submitted by

James Robinson, Esq., court-appointed PCRA Counsel for the Defendant (a copy of which

has been attached to this Order) and upon a review of the record in this case, it appears to this

Court that that there may be no genuine issue of material fact, no entitlement to relief and no

purpose to be served in further proceedings for the following reasons:

The Defendant, Shaun Edward Kimmel, was convicted of nine counts of

violations of the Controlled Substance, Drug, Device and Cosmetic Act arising from three

separate sales of heroin. He was sentenced on March 1, 2013 to a period of three to six years

incarceration, with credit for time served, and was deemed to be RRRI eligible. Defendant

filed his Notice of Appeal to the Pennsylvania Superior Court on March 28, 2013. The

Pennsylvania Superior Court affirmed this Court's Judgment of Sentence on March 28, 2014.

1

Defendant timely filed a *pro-se* Petition for Post Conviction Relief on August 25, 2014. Defense counsel James Robinson, Esq., filed a No-Merit Letter on November 16, 2015, and requested leave to withdraw as counsel.

## FACTUAL HISTORY

The evidence presented at trial established that Defendant, Shaun Edward Kimmel ("Defendant") delivered heroin to a confidential informant on three separate occasions. Each occasion involved a controlled purchase of heroin by the confidential informant, (hereinafter "CI"), from Defendant that was monitored and observed by law enforcement authorities. On each occasion, the CI was strip searched to verify that the CI had no controlled substances or money on his/her person. On each occasion, the CI was provided with pre-recorded currency with which to conduct the transaction. Finally, an undercover police officer accompanied the CI on each of the three occasions.

The first controlled buy was conducted on June 12, 2011 in the parking lot of the J&L Trailer Park in Derry Township, Westmoreland County. Chief John Berger of the Ligonier Borough Police Department testified that he, as the undercover officer, and the CI, who had been strip-searched and provided with money, drove to the parking lot of the trailer park. He testified that he saw Defendant exit his trailer, walk to the driver's side of the vehicle in which the CI and Berger were traveling, and transfer heroin to the CI in exchange for the pre-recorded currency. (TT 132-36).[1] Chief Berger identified the seller of the heroin as Defendant immediately after the transaction through the use of Defendant's JNET driver's

---

[1] Numerals in parenthesis preceded by the letters "TT" refer to specific pages of the transcript of the testimony presented at the trial of this matter, held on December 4 – 6, 2012 before this court, which is made a part of the record herein.

2

license photo. (TT 138-40). This controlled buy was also monitored by other members of the Westmoreland County Drug Task Force.

The second controlled buy was conducted on August 10, 2011 at the II Brothers Bar on Route 982 in Derry Township, Westmoreland County. Officer Amber Noel of the Ligonier Township Police Department, acting as the undercover officer, accompanied the CI, who had been strip-searched and provided with pre-recorded currency, to the parking lot of the bar. Officer Noel testified that she observed the CI get out of their vehicle, approach Defendant in his car, conduct a transaction, and return to the task force vehicle. (TT 142-44). Officer Noel was able to see the person who provided the heroin to the CI, and immediately identified Defendant as that person after the controlled buy through the use of Defendant's JNET driver's license photo. (TT 144).

The third controlled buy was conducted on August 14, 2011, again at the II Brothers Bar on Route 982 in Derry Township, Westmoreland County. Officer Robert Hakel of the Ligonier Borough Police Department, acting as the undercover officer, accompanied the CI, who had been strip-searched and provided with pre-recorded currency, to the parking lot of the bar. Officer Hakel testified that he observed the CI get out of their vehicle, approach Defendant in his car, conduct a transaction, and return to the task force vehicle. (TT 149-50). Officer Hakel was able to see the person who provided the heroin to the CI, and he identified Defendant as that person immediately after the controlled buy through the use of Defendant's JNET driver's license photo. (TT 151-52).

## ELIGIBILITY FOR RELIEF:

3

The requirements for eligibility for relief under the Post-Conviction Relief Act are set forth both in the Act itself (42 Pa.C.S. §9541, *et. seq.*) and in the Rules of Criminal Procedure (Pa.R.Crim.P. Rules 901 and 902). Generally speaking,

> PCRA petitioners, to be eligible for relief, must, inter alia, plead and prove their assertions by a preponderance of the evidence. Section 9543(a). Inherent in this pleading and proof requirement is that the petitioner must not only state what his issues are, but also he must demonstrate in his pleadings and briefs how the issues will be proved. Moreover, allegations of constitutional violation or of ineffectiveness of counsel must be discussed "in the circumstances of the case." Section 9543(a)(2)(i-ii). Additionally, the petitioner must establish by a preponderance of evidence that because of the alleged constitutional violation or ineffectiveness, "no reliable adjudication of guilt or innocence could have taken place." Section 9543(a)(2)(i-ii). Finally, petitioner must plead and prove that the issue has not been waived or finally litigated. §9543(a)(3), and if the issue has not been litigated earlier, the petitioner must plead and prove that the failure to litigate "could not have been the result of any rational, strategic or tactical decision by counsel." Section 9543(a)(4).

*Commonwealth v. Rivers,* 567 Pa. 239, 245-246, 786 A.2d 923, 927 (Pa. 2001).

Additionally, because the Defendant has raised allegations of ineffective assistance of counsel, he must plead and prove, by a preponderance of the evidence:

> (1) that there is merit to the underlying claim; (2) that counsel had no reasonable basis for his or her course of conduct; and (3) that there is a reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different. *Commonwealth v. Jones,* 546 Pa. 161, 175, 683 A.2d 1181, 1188 (1996). Counsel is presumed to be effective and Appellant has the burden of proving otherwise. *Commonwealth v. Marshall.* 534 Pa. 488, 633 A.2d 1100 (1993). Additionally, counsel cannot be considered ineffective for failing to raise a claim that is without merit. *Commonwealth v. Peterkin,* 538 Pa. 455, 649 A.2d 121 (1994)....

*Id., citing Commonwealth v. Holloway,* 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

Defendant now raises the following issues as reasons why he is eligible for relief. In his *pro-se* PCRA petition, Defendant asserts that his counsel failed to raise the issue of

4

weight of the evidence in his Rule 1925(b) Statement. (No-Merit Letter 3). As a result, the issue was waived at the Superior Court level, and Defendant "feels he was denied competent representation." (*Pro-se* PCRA 1B). Defendant also asserts that trial counsel was ineffective by failing to preserve the issue of whether this Court erred in permitting the Commonwealth to introduce hearsay statements at trial. (No-Merit Letter 3). The Defendant also contends that it was reversible error for Sergeant James Friscarella to testify that the CI, who was unable to testify at trial, identified Defendant in a JNET photograph as the person who delivered the heroin during the drug transaction. (No-Merit Letter 3). Last, Defendant asserts that the identification procedure which was used to identify Defendant was unduly suggestive. (No Merit Letter 3).

I.  **WHETHER TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO PRESERVE THE ISSUES OF WEIGHT OF THE EVIDENCE ON APPEAL TO THE SUPERIOR COURT?**

Defendant first asserts that trial counsel was ineffective for failing to raise a claim of weight of the evidence in Defendant's 1925 Statement. It is certainly true that where trial counsel fails entirely to file a direct appeal when directed by a defendant, including a Rule 1925 Statement, counsel's inaction represents *per-se* ineffectiveness. *Comm. v. Halley*, 870 A.2d 795, 801 (Pa. 2005) (holding that the failure to perfect a requested direct appeal is the functional equivalent of having no representation at all); *see also Comm. v. Lantzy*, 558 Pa. 214 (Pa. 1999); *Comm. v. Burton*, 973 A.2d 428, 432 (Pa.Super. 2009). As the court in *Burton* recited:

> The complete failure to file the 1925 concise statement
> is *per se* ineffectiveness because it is without reasonable basis
> designed to effectuate the client's interest and waives all issues
> on appeal. Likewise, the untimely filing is *per se*
> ineffectiveness because it is without reasonable basis designed

5

to effectuate the client's interest and waives all issues on appeal. Thus untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.

*Id.* at 432-33.

On the other hand, where counsel fails to pursue every claim requested by a defendant, *per-se* ineffectiveness is not implicated.

"It is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims. Where a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy."

*Comm. v. Grosella*, 902 A.2d 1290, 1293-94 (Pa.Super. 2006) (citation omitted).

Thus, because *per-se* ineffectiveness is not implicated in this case, Defendant must meet the three prongs established in *Comm v. Pierce*, 527 A.2d 973 (Pa. 1987). Under this standard, a defendant must meet all of the following three prongs to prove ineffectiveness: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Id.*; *see also Comm. v. Ali*, 10 A.3d 282, 291 (Pa. 2010). Further, "if a petitioner fails to prove any of these prongs, his claim fails." *Comm. v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective so long as its contested choices had some reasonable basis "designed to effectuate his client's interests." *See Ali*, 10 A.3d at 282. Also, "counsel will not be deemed ineffective for failing to raise baseless or frivolous issues." *Comm. v. Gwynn*, 943 A.2d 940, 948 (Pa. 2008).

6

In this case, Defendant fails the first prong, as he cannot assert that his claim has arguable merit. A claim has arguable merit if counsel's act or omission conflicts with a constitutional guarantee, statute, rule of procedure, or established precedent. *See, e.g., Comm. v. Bennett*, 19 A.3d 541 (Pa.Super. 2011), *Comm. v. Johnson*, 875 A.2d 328 (Pa.Super. 2005), *Comm. v. Poplawski*, 852 A.2d 323 (Pa.Super. 2004). As stated above, although Defendant certainly has a constitutional right to file an appeal, reinstatement of a defendant's appellate rights are not the proper remedy where defense counsel does not further every argument suggested by, or available to, a defendant. As discussed, *infra*, weight of the evidence arguments are very narrowly construed. The facts in this case are not so extraordinary as to shock one's sense of justice, which would garner Defendant relief. Thus, this claim is meritless, and Defendant's ineffectiveness claim must fail for not meeting the arguable merit prong.

Even assuming, *arguendo*, that Defendant's claim did have arguable merit, Defendant also fails the second prong under *Pierce*, as defense counsel acted reasonably in not furthering Defendant's weight of the evidence claim. To successfully argue that defense counsel had no reasonable basis for his or her actions, courts "do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Comm. v. Washington*, 927 A.2d 586, *594 (Pa. 2007)*. Further, a court can only conclude that counsel's strategy lacked a reasonable basis if a defendant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Comm. v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006).

In this case, Defendant did not have any potential for success in his weight of the evidence claim. A new trial is warranted on weight of the evidence grounds only in

7

extraordinary circumstances, or "when the jury's verdict is 'so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.'" *Criswell v. King*, 834 A.2d 505, 512 (Pa. 2003); *see also Armbruster v. Horowitz*, 572 Pa. 1, 813 A.2d 698, 703 (2002). The Pennsylvania Supreme Court also noted that weight of the evidence arguments are narrowly construed because of the "obvious tension between the broad, settled, exclusive role of the fact-finder in assessing credibility and the limited power of trial judges, in narrowly circumscribed circumstances, to overturn those assessments when the judicial conscience is not merely disappointed, or uncomfortable, but shocked." *Criswell*, 834 A.2d at 513. For a weight of the evidence claim, "judges do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Comm. v. Widmer*, 744 A.2d 745, 752 (Pa. 2000).

Defendant's guilty verdict was not against the weight of the evidence. An individual is in violation of the Controlled Substance, Drug, Device and Cosmetic Act where he:

> knowingly or intentionally possess[es] a controlled or counterfeit substance [and is not] a person not registered under this act, or [is] a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act. 35 P.S. § 780-113 §A16.

Defendant was also convicted of §A30 of the same Act, which reads that the following acts are prohibited:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State

8

> board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance. 35 P.S. § 780-113 §A30.

This Court had already determined, in its 1925 Opinion, that there was a plethora of evidence to support Defendant's conviction. The same facts support the notion that the jury verdict was not against the weight of the evidence. This Court reiterated that each of the three undercover officers were able to identify Defendant, and "the transactions occurred in places and at times where the undercover officers as well as the officers conducting surveillance of the controlled buys had ample opportunity to observe Kimmel clearly and all indentified Kimmel as the heroin dealer through use of his JNET photograph." (Opinion of the Court Issued Pursuant to Pa.R.A.P. 1925, pg. 4). Thus, this Court found that "the evidence was clearly sufficient to support the jury's finding that Kimmel was the individual who delivered heroin to the CI on three separate occasions." *Id.*

This Court cannot locate any facts presented at trial or thereafter which are of such great weight as to deny Defendant justice. During each of the controlled buys, a confidential informant was monitored and observed by law enforcement authorities. The informants were strip searched to ensure that there were no controlled substances or money on their person. Further, an undercover officer accompanied the CIs on each of the three controlled buys. Because the evidence presented at trial was not against the weight of the evidence, defense counsel acted reasonably in not pursuing the claim at the Superior Court level.

For many of the same reasons, Defendant also fails the third prong, as he did not suffer actual prejudice as a result of defense counsel's actions. Prejudice is established where a petitioner demonstrates that "but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different."

9

*Comm. v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). As discussed *supra*, Defendant's conviction was not against the weight of the evidence. Therefore, Defendant cannot establish that had his counsel pursued such a claim, that the Superior Court would have granted him relief.

**II.    WHETHER TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO PRESERVE THE ISSUE OF WHETHER HEARSAY EVIDENCE WAS PROPERLY ADMITTED TO THE SUPERIOR COURT?**

Defendant's second issue suggests that defense counsel also erred in not preserving the issue of "improperly admitted hearsay evidence." This Court first notes that it appears that defense counsel did raise the issue of these hearsay statements in its 1925 Statement. Defense counsel opined that despite the fact that the Commonwealth did not disclose the identity of one of the confidential informants, "the Commonwealth was still permitted to present ample testimony through Sergeant Friscarella regarding information supplied to them by the confidential informant." (Concise Statement 2).

Even assuming *arguendo* that defense counsel did not properly preserve the issue, Defendant did not suffer any prejudice by the argument's omission, as this Court previously ruled that these statements were properly admitted. Defense counsel raised hearsay objections at the outset of the trial on three occasions, seeking to bar the admission of any information that the police officers had gained through the CI. Sergeant James Friscarella testified regarding his role in the undercover drug investigation that led to Defendant's arrest. When asked whether there was a target for the first controlled buy conducted on June 12, 2011, Friscarella indicated that there was. When asked who that target was, defense counsel objected on the basis of hearsay. That objection was overruled. (TT 73-74). Counsel again

10

objected when Sergeant Friscarella was asked if law enforcement had an address for

Defendant:

> MS. ELLIOTT:    Objection. Hearsay. Your Honor, this is the very
> safeguard of the hearsay rule. Mr. Kimmel is seated before you charged
> with a variety of very serious charges, and if everything the confidential
> informant told Sergeant Friscarella is admissible where is his
> constitutional protection?

(TT 74).

The Commonwealth withdrew that question, so there was no ruling made by the court on

Defendant's objection. Counsel objected a third time when Sergeant Friscarella testified that

both the undercover officer and the confidential informant identified Kimmel from his JNET

photograph shortly after the controlled buy. (TT 103). That objection was overruled based

upon the Commonwealth's assertion that a statement made for the purpose of identification

was an exception to the hearsay rule.

With regard to the background information provided to the police by the confidential

informant (or informants) as suggested on pages 73 – 74 of the trial transcript, such

information is clearly admissible to establish the course of conduct on the part of the police.

Similar challenges to the admission of such evidence have been unsuccessful when used for

this limited purpose. *See, e.g., Comm. v. Estepp*, 17 A.3d 939 (Pa. Super 2011); *Comm. v.*

*Dargan*, 897 A.2d 496, 500 (Pa.Super. 2006). Although there was no limiting instruction

given in this case, none was necessary given the very limited nature of the question posed by

the Commonwealth and the timely objection thereto. Therefore, there was no abuse of

discretion in admitting this testimony, and Defendant's claim that they were improperly

admitted has no arguable merit. Thus, this ineffectiveness argument must also fail.

11

III. **WHETHER IT WAS REVERSIBLE ERROR FOR SERGEANT FISCARELLA TO TESTIFY THAT THE CONFIDENTIAL INFORMANT, WHO DID NOT TESTIFY AT TRIAL, IDENTIFIED THE DEFENDANT BY LOOKING AT A J-NET PHOTOGRAPH?**

Defendant also declares that it was reversible error for this Court to admit statements of identification from the undisclosed CI through the testimony of Sergeant Fiscarella. Pa.R.E. Rule 803.1 sets forth certain exceptions to the hearsay rule which permit hearsay evidence to be admitted at trial. The exception that has been carved out for statements made for the purpose of identification requires that the declarant be present and testify in court in order to fall within that limited exception. "Where . . . the prior consistent statement is one of identification, it is admissible as an exception to the hearsay rule as substantive evidence, regardless of impeachment, provided that the declarant is present and subject to cross-examination." *Comm. v. Wilson,* 580 Pa. 439, 456, 861 A.2d 919, 929 (Pa. 2004); Pa.R.E. 803.1(2).

The undercover officers were available and, in fact, testified at trial and were subject to cross-examination by Defendant. However, the identity of the confidential informant was never disclosed, and the CI was not present at trial and did not testify, and was therefore not subject to cross-examination. Therefore, it was in fact error to admit the out-of-court statements of identification made by the CI. Nonetheless, it is clear that the error was harmless, given the testimony that was provided by the undercover police officers who did testify and provided not only testimony about the identifications made shortly after the controlled buys, but provided credible in-court identifications of Kimmel as well. For these reasons, Defendant cannot prove by a preponderance of the evidence that because of such an error, no reliable adjudication of guilt or innocence could have taken place, and his claim fails.

12

## IV.  WHETHER THE IDENTIFICATION PROCEDURE USED WAS UNDULY SUGGESTIVE?

Last, Defendant alleges that the identification procedure that officers used to identify him, namely, through JNET photographs, was unduly suggestive. This argument is without merit. "A photographic identification is unduly suggestive when the procedure creates a substantial likelihood of misidentification." *Comm. v. Fisher*, 769 A.2d 1116, 1126 (Pa.Super. 2001). Suggestiveness arises "when the police employ an identification procedure that emphasizes or singles out a suspect. *See Simmons v. United States*, 390 U.S. 377, 383 (1968). However, "[s]uggestiveness alone will not forbid the use of an identification, if the reliability of a subsequent identification can be sustained." *Comm. v. McGaghey*. 507 A.2d 357, 359 (Pa. 1986). And as noted by Defense Counsel James Robinson, Esq. in his No-Merit Letter, "law enforcement officers are permitted to use JNET photographs as a means to identify suspects who are involved in criminal investigations." (Defendant's Brief 8-9). *See also Comm v. Kendricks*, 30 A.2d 499 (Pa.Super. 2011).

In this case, undercover police officers were immediately able to identify Defendant after each of the controlled buys took place. (TT 138-40, 144, 151-52). The reliability of these identifications were sustained at trial, where each of the officers identified Defendant as the individual involved in each of the three controlled buys. Thus, Defendant cannot prove by a preponderance of the evidence that the verdict was compromised by such identification procedures, and this argument must fail.


## NOTICE OF INTENT TO DISMISS:

13

Accordingly, the Court hereby notifies the parties of its intention to dismiss the defendant's *pro-se* post-conviction petition.

**THE DEFENDANT MAY FILE A WRITTEN RESPONSE TO THIS NOTICE. SUCH A RESPONSE MUST BE FILED WITHIN 20 DAYS FROM THE DATE OF THIS NOTICE. IF NO RESPONSE IS FILED, THIS COURT SHALL DISMISS THE PETITION.**

If a response is filed, this Court may, instead, upon consideration of the response, grant leave to file an amended petition or otherwise direct that the proceedings continue. Any response should address specifically the areas of defect delineated within the body of this Order of Court, specifically, **any response by the defendant must be in writing and shall address the issues addressed by this Court herein.**

If no response is filed, this Court shall dismiss the Defendant's *pro-se* PCRA Petition. If a response is filed, this Court may, upon consideration of the response, dismiss the Petition, grant leave to file an amended Petition or otherwise direct that the proceedings continue.

Based upon this court's consideration of the "No Merit Letter" submitted by Attorney James Robinson, Esq., and upon a review of the record in this case, counsel's Petition to Withdraw as Counsel of Record in this matter is taken under advisement. The said Petition shall be granted by further Order of Court provided that a meritorious response is not received by this Court from the defendant within the twenty-day period set forth above. Defendant may, if he chooses, avail himself of the assistance of PCRA counsel in the preparation of this response, or he may elect to file the required response *pro-se*.

14

**BY THE COURT:**

Rita Donovan Hathaway, Judge

_____
Date

_____
Clerk of Courts

cc:    File
       John Petrush, Esq., Assistant District Attorney
       James Robinson, Esq., Counsel for Defendant
       Shaun Edward Kimmel, Defendant
              D.O.C. #KY7015, Unit/Side: J/B,
                 SCI Albion, 10745 Route 18, Albion, PA 16475-0002
       Pamela Neiderheiser, Esq., Court Administrator's Office

15